Gary Anderson (State Bar No. 97385)
gandersson@fulpat.com
David J. Pitman (State Bar No. 172944)
dpitman@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6100 Center Drive, Suite 1200
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALLTRADE TOOLS LLC, a California Limited Liability Company

Plaintiff,

v.

QUALITY CRAFT INDUSTRIES INC. a Washington Corporation

Defendant.

**Case No.**

**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT, AND INVALIDITY**

**DEMAND FOR JURY TRIAL**

Alltrade Tools LLC ("Alltrade" or "Plaintiff") seeks a declaratory judgment of non-infringement and invalidity of trademark against Quality Craft Industries Inc. ("QCI" or "Defendant"). Alltrade received a demand from QCI regarding alleged trademark interests over certain toolboxes. Alltrade seeks judgment in its favor as follows:

**PARTIES**

1. Plaintiff Alltrade Tools LLC is a California limited liability company with its principal place of business at 6122 Katella Ave, Cypress, CA 90630.

2. Defendant QCI is a Washington Corporation having its principal place of business at 33 New Hope Road, Fordland, Missouri 65652.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over QCI because QCI threatened Alltrade, located in this District, with litigation and thereby had a financial impact in this district. On information and belief, QCI also conducts business within this jurisdiction sufficient to invoke the personal jurisdiction of this Court.

4. This Court has subject matter jurisdiction under 15 U.S.C. §1051, et seq. as a declaratory judgment arising under the Trademark Act of 1964 (Lanham Act), Title 15 of the United States Code.

5. Jurisdiction is also proper under 28 U.S.C. § 1332 as Alltrade asserts an amount in controversy exceeding $75,000 and there is complete diversity between Alltrade and QCI.

6. Venue is proper in this district under 28 U.S.C. § 1391 because QCI regularly conducts business within this District and is subject to personal jurisdiction in this District. Venue is also proper in this district under 28 U.S.C. §1391 because a substantial part of Alltrade's actions, which form the basis of QCI's threats underlying this Declaratory Judgment action, occurred in this judicial district.

## FACTS

7. This civil action seeks declaratory relief of non-liability under a registered trademark. Alltrade manufactures and sells an item it designates the Mastergrip Toolbox (hereinafter "Mastergrip Toolbox"). At present, Alltrade sells Mastergrip Toolboxes to wholesalers and retailers.

8. QCI also manufactures and sells toolboxes. QCI has asserted trademark ownership over a trademark that is a three dimensional shape for a toolbox that is sloped-front or wedge-shaped.

9. On May 10, 2017, QCI sent Alltrade a cease and desist letter asserting that Alltrade infringed U.S. Trademark Registration No. 3,930,484, and demanding that Alltrade cease and desist manufacturing, offering for sale, selling and

distributing its Mastergrip Toolbox. See Exhibit A.

10. Trademark Registration No. 3,930,484 (the "`484 Trademark") was originally prosecuted before the United States Patent and Trademark Office ("USPTO") by Montezuma Manufacturing Inc. ("Montezuma") and was initially registered to Montezuma. See Exhibit B.

11. On information and belief, QCI is the current owner of U.S. The `484 Trademark was subsequently assigned to QCI which is now current owner thereof, and the successor in interest to the rights and obligations of Montezuma in relation to toolboxes. See Exhbit A, first paragraph.

12. Because QCI now stands in the shoes of Montezuma in all aspects that are relevant to this case, the combined actions taken by Montezuma and by QCI and their representatives will be collectively referred to herein as the actions of QCI and its representatives.

Invalidity of Trademark for being directed at Functional Subject Matter

13. As stated in Exhibit B, the mark claimed in the `484 Trademark is described as:

*"The mark consists of the three-dimensional configuration of the goods, namely toolboxes. The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance."*

14. As further set forth in Exhibit B, the product configuration of the `484 Trademark is illustrated as follows:

15. The `484 Trademark is directed to subject matter that is functional, and

is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5).

16. The configuration of Alltrades Mastergrip Toolbox is functional because it is essential to the use of Alltrade's goods and affects the cost and/or quality of Alltrade's goods; Alltrade will be at a competitive disadvantage if it is precluded from using the configuration it has presently selected.

17. The product configuration of the `484 Trademark is functional because the wedge shape of the toolbox produces tool compartments (A, B, C) of increasing volume as one moves down the box. This allows tools to be stored in an appropriately sized compartment so that if the toolbox is tilted or overturned, tools remain in their respective compartments. Further, the sloped lid and sides allow each compartment and its contents to be visible from the front and above the toolbox.

18. The functional nature of QCI's product design is further demonstrated by QCI's four utility patents: U.S. Patent No. 7,510,078 (the '078 Patent); U.S. Patent No. 5,456,358 (the '358 Patent); U.S. Patent No. 4,389,077 (the '077 Patent); and U.S. Patent No. 4,266,835 (the '835 Patent, now expired). The '078 Patent, the '358 Patent, the '077 Patent and the '835 Patent are attached herewith as Exhibits C, D, E and F, respectively. These four utility patents disclose a toolbox that have a lid or cover with a horizontal upper surface and sloped front surface, thereby creating a wedge shaped appearance. Also, the claims of the '078 Patent

and the ‘358 Patent recite a toolbox comprising a cover having a horizontal section and a slanted section sloping downwardly from the horizontal section.

19. The disclosure of the ‘078 Patent teaches the functional advantages of QCI’s product design. Specifically, the Summary of the Invention section of the ‘078 Patent states, among others:

- *It is a further object of the present invention to allow for maximum visibility of the tools in the box....*
- *It is a further object of the present invention to permit the secure storing of tools at locations in the tool box that are not adjacent the tool box cover, but that are still highly visible within the box........*
- *According to the present invention, the foregoing and other objects are obtained by a tool box having a bottom portion, a pair of side portions, a back portion, and a front portion......The cover has a horizontal section which, when the cover is in a closed position, engages the upper horizontal edges of the side portions. The cover also has a slanted section sloping downwardly from the horizontal section which, when the cover is in a closed position engages the slanted edges of the side portions.*

20. The patented features set forth in Claims 1 and 13 of the ‘078 Patent and in Claim 1 of the ‘358 Patent correspond to the features described in QCI’s application for federal trademark registration, as indicated in the table below

| OCI's Federal `484 Trademark Registration | The '078 Patent | The '358 Patent |
|---|---|---|
| "The toolboxes have a lid with a horizontal upper surface and sloped front surface, thereby creating a wedge-shaped appearance." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:….said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…."<br>Claim 13: "A tool box for securing in place tools with apertures therein, comprising:….said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…." | Claim 1: "A tool box for securing in place tools with apertures therein, comprising:…..said cover having a horizontal section and a slanted section sloping downwardly from said horizontal section…." |

21. Thus, the language of the claims defines the features described in QCI's application for federal trademark registration.

22. During prosecution of the `484 Trademark, QCI sought to avoid these clear implications by arguing that the narrowing patent claim elements of the claimed inventions must be present in the trademark before the wedge shape of the product design is functional, and that, because the `484 Trademark shape does not include these narrowing patent claim elements, it is not functional.

23. QCI's own admission, however, betrays this position, as set forth below.

<u>Fraud Committed During Prosecution of the `484 Trademark</u>

24. During QCI's prosecution of the `835 Patent, QCI filed the patent application that resulted in the `835 patent with an original claim 1 (Exhibit G) reciting:

*"A compact position lock tool box, comprising in combination, a case and cover pivotally connected by hinges said case comprising a pair of triangular side walls, a low front wall, a bottom wall and rear wall, and said cover resting in inclined position on an upper edge of said case."*

25. An image of the tool box that is provided by the `835 patent as exemplifying the above language of initial claim 1 is provided here below. This shape represents the inventor's best mode of initial claim 1.

26. By filing the initial claim 1 in the `835 patent application, QCI made the necessarily implied assertion that the shape as exemplified above was functional, or useful. 35 U.S.C. §101 (a patent claim must be new and useful). The examiner rejected initial claim 1 as lacking <u>novelty</u> over the prior art, and did <u>not</u> reject the claim as being not useful, or nonfunctional.

27. The shape described by the initial claim 1 is precisely the same shape that QCI now asserts as being infringed under the `484 Trademark. See paragraph 14 above.

28. During prosecution of the `484 Trademark (Office Action dated March 25, 2010, see Exhibit H) the trademark examiner expressly instructed QCI's legal representative to provide

*"[a] written statement as to whether the applied-for mark is or has been the subject of a design or utility patent application, including expired patents and abandoned patent applications. Applicant must also provide copies of the patent and/or patent application documentation."*

and also

*"the applicant is requested to submit complete copies of the patents, as well as any others that may be relevant."*

29. Thus, QCI was under an express obligation to produce a copy of all patent application documentation under which QCI had made assertions to the USPTO about the functionality of the claimed structures in order to gain allowance of the patent claims.

30. However, although QCI provided to the trademark examiner copies of four patents which were directed to wedge shaped toolboxes, in violation of that obligation, QCI's representative failed to provide the file wrapper of, at a minimum, the `835 patent, in which QCI had previously made the necessarily implied assertion to the USPTO that the shape of the trademark being claimed was functional.

31. Instead, QCI's legal representative argued that the shape of the trademark was not functional. By engaging in this omission, QCI gained allowance of the `484 Trademark.

32. But for the omission by QCI's legal representative, the trademark examiner would not have allowed the `484 Trademark to issue.

33. On information and belief, QCI's legal representative was at all material times aware of his obligation to disclose QCI's admission.

34. Additionally, even if QCI's representative was not aware during prosecution of the `484 Trademark that he was under an obligation to disclose QCI's admission (which he was), QCI is now on notice of its own admission of what is an obvious fact. QCI is therefore now aware that it is under an obligation to refrain from maintaining the `484 Trademark against Alltrade in the knowledge that the `484 Trademark is invalid for being directed to functional subject matter.

35. QCI is today in the position that, having failed to obtain the initial utility patent claim 1 (Exhibit G) while prosecuting the application that led to the `835 patent in 1979, it now seeks through fraudulent means to obtain the same

benefit of that patent claim in perpetuity - in the guise of the `484 Trademark

Non Infringement

36. Despite Alltrade's right to practice the best mode of the `835 patent, Alltrade has produced the Mastergrip Toolbox to be substantially different in shape than FIG. 1 of the `835 patent and of the `484 Trademark. An image of the Mastergrip Toolbox is shown here:

37. The shape of the Mastergrip Toolbox is not even wedge shaped, but has the overall shape of a stepped-pyramid.

38. Further, it does not have a horizontal upper surface, but one that is substantially sloped.

39. Accordingly, there is no likelihood of confusion between Alltrade's product and QCI's product and Alltrade has not infringed the `484 Trademark, even if the `484 Trademark were found to be valid (which it is not).

Threat of lawsuit creating case or controversy

40. Alltrade understands QCI's May 10, 2017 letter (Exhibit A) to mean that QCI intends to file a complaint against Alltrade in federal court and may at any time initiate a trademark infringement action against Alltrade; thus Alltrade has a reasonable apprehension of such suit if it does not cease and desist from selling its Mastergrip Toolboxes.

41. In the current controversy, QCI has threatened Alltrade and has demanded Alltrade cease offering Mastergrip Toolboxes for sale.

42. Alltrade has a well grounded belief that its Mastergrip Toolbox does not infringe any valid trademark or trade dress belonging to QCI. Alltrade seeks to continue offering Mastergrip Toolboxes for sale and distribution without the threat of litigation.

43. Considering the circumstances, there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment. Alltrade has and continues to invest resources in its product lines and the marketing thereof that would be significantly and detrimentally affected if QCI is successful in an infringement action. Alltrade should be free to offer its goods for sale without concern over threats from QCI or pending litigation that may affect investment decisions it might make to further its business.

## CAUSES OF ACTION

## COUNT I

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

44. Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

45. The product design of the `484 Trademark is functional and is therefore not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. § 1052(e)(5).

46. Thus the Court should declare the invalidity of U.S. Trademark Registration No. 3,930,484.

## COUNT II

## CANCELATION OF REGISTRATION BASED ON UNPROTECTABLE SUBJECT MATTER

47. Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

48. Under 15 U.S.C. § 1119, in any action involving a registered mark, this Court may determine the right to registration and order the cancelation of registrations.

49. The product design of the `484 Trademark is functional and is not protectable as a trademark and/or trade dress.

50. Thus the Court should declare cancelation of U.S. Trademark Registration No. 3,930,484.

## COUNT III

## DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

51. Alltrade hereby incorporates the allegations contained in the foregoing paragraphs of this Complaint and further alleges as follows:

52. Alltrade's offer for sale and sale of its Mastergrip Toolbox is not likely to cause confusion with any of the product designs of the `484 Trademark under the requirements of 15 U.S.C. § 1125(a) or 15 U.S.C. § 1114.

53. Alltrade is thus entitled to a declaration that the Mastergrip Toolbox does not infringe any trademark or trade dress of QCI, and that the manufacture, sale and marketing of Mastergrip Toolboxes does not and will not infringe upon any intellectual property rights of QCI.

**PRAYER FOR RELIEF WHEREFORE,** Alltrade prays that this Court enter judgment as follows:

A. A declaration that the Mastergrip Toolbox does not infringe upon QCI's

trademark

B. A declaration that QCI's product design is functional and that QCI's U.S. Trademark Registration No. 3,930,484 is therefore invalid as being not protectable under Section 2(e)(5) of the Trademark Act, 15 U.S.C. 1052(e)(5);

C. An order canceling QCI's U.S. Trademark Registration No. 3,930,484;

D. A finding that this is an exceptional case;

E. Granting Alltrade all monetary relief appropriate, including attorneys' fees and costs incurred in this action;

F. Granting Alltrade further relief, either in equity or at law, as the Court deems appropriate; and

## DEMAND FOR JURY TRIAL

Plaintiff Alltrade demands a jury trial on all matters so triable.

DATED: June 15, 2017

Respectfully submitted,

FULWIDER PATTON LLP

By: ______________________

David J. Pitman
Attorneys for
Plaintiff, Alltrade Tools LLC